USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_______________
DATE FILED: 10/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ATHANOR, LLC, et al.,

Plaintiffs,

-v-

MARA HOLDINGS, INC., et al.,

Defendants.

---------------------------------------------------------------------X

26-cv-6190 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant's motion for a stay pending the resolution of the claims brought by Mark Martinson ("Martinson") in *Garcin v. Argenthal Holdings, LLC*, Case No. DC-26-11120 (192d Jud. Dist., Dallas Cnty., Tex.) (the "Dallas Litigation") is denied. Plaintiff brings a single set of claims for breach of contract and breach of the covenant of good faith and fair dealing and, in the alternative, quantum meruit and unjust enrichment all stemming from the failure of defendant Mara Holdings, Inc., to pay it on an invoice (the "Invoice") issued for services allegedly performed under an Engagement Letter. Dkt. No. 1.[1] The Engagement Letter requires payments to be made "pursuant to wire instructions set forth on invoices issued by [Plaintiff] Francois GARCIN." Dkt. No. 1-1 § 2. The parties agreed in the Engagement Letter that any disputes between them would "be brought and maintained exclusively in the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York." Dkt. No. 1-1 § 12. The Invoice was issued by Plaintiff Garcin on February 20, 2026, on behalf of the entities that are also plaintiffs here. Dkt. No. 21-2. It

[1] Plaintiff also brings a related claim for advancement and indemnification.

directs payment to Plaintiff Athanor, LLC ("Athanor"). Dkt. No. 28 ¶ 12.

Defendant's motion turns upon a Petition in Intervention (the "Petition") filed by Martinson in the Dallas Litigation on July 2, 2026, and amended on October 8, 2026 (long after this case was filed). Dkt. Nos. 32, 32-1. As amended, the Petition is filed on behalf of Martinson individually and on behalf of Argenthal Holdings, alleging that Argenthal Holdings (which is not a party here) has an interest in the Engagement Letter and the proceeds traceable to the agreement reached in the Engagement Letter. Dkt. No. 32 ¶ 5. But Defendant is not a party to the Dallas Litigation and Plaintiff's claim here does not turn upon the results of the Dallas Litigation. That case will not decide whether Defendant failed to pay on the Invoice as the Engagement Letter seems to require. If Defendant wishes to argue that Garcin did not have authority to enter into the Engagement Letter, that the Invoice was not validly issued, that Plaintiffs are not entitled to any payments under the Engagement Letter, or that Plaintiff is not entitled to any equitable relief, there is nothing in the Dallas Litigation that would prevent it from raising those arguments in this case. Thus, there is no reason to wait for the outcome of the Dallas Litigation. And, while a stay in this case would benefit Defendant by permitting it to free-ride off of discovery in the Dallas Litigation, it would prejudice Plaintiff and undermine judicial efficiency by leading to duplicative discovery.[2] By allowing the cases to proceed in parallel tracks, the parties can attempt to coordinate any overlapping discovery.[3]

---

[2] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Even so, a 'stay of a civil case is an extraordinary remedy, and the burden is on the person seeking a stay to establish its need.'" Chan v. U.S. Dep't of Transp., 2025 WL 815323, at *1 (S.D.N.Y. Mar. 13, 2025) (quoting *Banyan v. Sikorski*, 2021 WL 3271735, at *2 (S.D.N.Y. July 30, 2021)). That burden has not been met.

[3] The Court's decision does not turn upon the parties to the Dallas Litigation agreeing on coordinated discovery.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 19. With this order, the Court is entering a Case Management Plan and Discovery Schedule consistent with the schedule discussed at the initial pretrial conference on September 29, 2026. Plaintiff has leave of this Court (to the extent leave is necessary) to notice depositions in this case with depositions in the Dallas Litigation so as to avoid unnecessary expenses and two depositions of Garcin.

In addition, Defendant's anticipated motion to dismiss and Plaintiff's anticipated motion for advancement shall be filed, if at all, by October 27, 2026.

SO ORDERED.

Dated: October 13, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge